IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| SAMUEL A. MCCROSSIN IV,<br>MCCROSSIN'S LANDING PUB, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>CSX TRANSPORTATION, INC., | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 2:24-CV-01018-MJH |

Defendant,

OPINION AND ORDER

Plaintiffs, Samuel A. McCrossin IV and McCrossin's Landing Pub, LLC, initiated the within property action against Defendant, CSX Transportation, Inc., claiming an Easement under the Railroad Act of 1849 (Count I), Easement by Express Agreement (Count II), Easement by Implication (Count III), Quiet Title (Count IV), Ejectment (Count V), Injunctive Relief (Count VI), Private Nuisance (Count VII), and Tortious Interference with Easement Rights (Count VIII). (ECF No. 8). CSX moved to dismiss Count I, Count II, Count VII, and Count VIII pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 16). CSX also moved to strike claims for punitive and emotional distress. *Id*.

On August 12, 2025, this Court granted CSX's motion to dismiss Counts I, II, VII, and VIII and struck Plaintiffs' claims for punitive damages and emotional distress. (ECF No. 28). This Court granted Plaintiffs leave to file a Second Amended Complaint by August 26, 2025. *Id*. Plaintiffs filed a Second Amended Complaint reasserting claims for punitive damages and alleging intentional destruction of property. (ECF No. 30). CSX again moved to dismiss claims for punitive damages and to strike allegations of intentional conduct. (ECF No. 33). On

November 13, 2025, this Court dismissed Plaintiffs' claims for punitive damages without prejudice and denied CSX's motion to strike without prejudice. (ECF No. 42).

The parties then proceeded to discovery, and on August 3, 2026, Plaintiffs moved for leave to file a Third Amended Complaint (ECF No. 61). The matter is now ripe for disposition.

Upon consideration of Plaintiffs' Motion for Leave to File a Third Amended Complaint (ECF No. 61), the respective responses and briefs (ECF Nos. 63, 68, and 79), the arguments of counsel, and for the following reasons, Plaintiffs' Motion will be denied.

I. Background

On December 9, 2025, this Court entered a Case Management Order (See ECF No. 47). The Case Management Order set January 5, 2026 as the deadline for amended pleadings and joinder of parties. Because the deadline for amended pleadings expired on January 5, 2026, Plaintiffs now seek leave to amend under Fed. R. Civ. P. 16(b)(4) and 15(a)(2). In their proposed Third Amended Complaint, Plaintiffs present two new claims: (1) a declaratory judgment that Edsel Lane remains a public road over the railroad crossing, and (2) a private action for public nuisance. Plaintiffs assert that these two claims are supported by "newly discovered" evidence.

First, Plaintiffs maintain that during the deposition of Edsel Burkholder, Plaintiffs' predecessor in title, testified for the first time that the portion of the public right-of-way vacated by Forward Township Ordinance No. 96-1 ended before the railroad crossing, rather than extending across the crossing itself. Following that testimony, Plaintiffs contend that the language of Ordinance No. 96-1, together with the chain of title and related property records, reveal a genuine factual dispute concerning what property interest, if any, was actually vacated by the Ordinance.

Second, Plaintiffs assert that, on February 27, 2026, CSXT's document production indicated that, beginning with its 2014 Crossing Inventory Form to the U.S. Department of Transportation, CSXT re-classified the Crossing type from public to private. CSXT allegedly made this classification change after corresponding with a PennDOT representative, who asserted that he "believed the crossing was private." Plaintiffs aver that discovery has revealed that CSXT conducted no legal analysis to determine whether the Crossing was public or private.

II. Relevant Standard

"[W]hen a party moves to amend or add a party after the deadline in a district court's scheduling order has passed, the 'good cause' standard of Rule 16(b)(4) of the Federal Rules of Civil Procedure applies." *Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020). "Whether 'good cause' exists to support a plaintiff's request to amend a pleading outside of a court-imposed deadline 'depends in part on the plaintiff's diligence.'" *Walden v. Bank of New York Mellon Corp.*, No. 2:20-cv-01972-CBB, 2025 WL 2696463, at *5 (W.D. Pa. Sept. 22, 2025) (quoting P*remier Comp Sols.*, 970 F.3d at 319). "[I]f a plaintiff 'knows or is in possession of the information that forms the basis of the later motion to amend at the outset of the litigation, the party is presumptively not diligent.'" *Id.* at *6 (*quoting Jackson v. Locust Med., LLC*, No. 4:22- CV-00424, 2024 WL 2701695, at *1 (M.D. Pa. May 24, 2024)). "While newly discovered evidence can support a finding of good cause under Fed. R. Civ. P. 16 to allow amendment, good cause is not shown when a plaintiff is not diligent in seeking the discovery that led to their motion to amend or when the evidence is not actually 'newly' discovered." *Id.* (internal citations omitted). It is Plaintiffs' burden to demonstrate good cause. *Bobak v. LM Gen. Ins.*, No. 2:18-CV-01615- MJH, 2020 U.S. Dist. LEXIS 229399, at *5 (W.D. Pa. Dec. 2, 2020).

"Only after the movant successfully establishes good cause does the court proceed to the more liberal amendment standard of Rule 15(a), which directs the court to give leave 'when justice so requires.'" *Cauley v. Geisinger Clinic*, No. 24-1435, 2025 WL 1392089, at *3 (3d Cr. 2025). "Absent undue or substantial prejudice, an amendment should be allowed under Rule 15(a) unless denial can be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment." *Id.*

III. Discussion

Plaintiffs argue that the proposed Third Amended Complaint does not materially alter the underlying claims asserted in this litigation, and that it supplements the existing factual allegations to conform to information first developed through discovery. Plaintiffs claim they could not reasonably have asserted these additional factual allegations or alternative theories before the expiration of the scheduling deadline because the information upon which the proposed amendments are based was not fully developed until after Mr. Burkholder's June 3, 2026 deposition and the subsequent analysis of the relevant ordinance, title materials, and discovery.

CSXT contends that the Court should deny Plaintiffs' Motion because they cannot satisfy either Fed. R. Civ. P. 16(b)(4) or 15(a)(2). First, CSXT argues that Plaintiffs cannot satisfy Rule 16(b)(4)'s good cause standard because they were not diligent. Specifically, CSX asserts that Plaintiffs and their counsel were aware of Mr. Burkholder and the Ordinance since at least May 2024 yet they waited over two years and three prior complaints before asserting these theories. Second, CSXT maintains that even under Rule 15(a)(2)'s more liberal standard, amendment should be denied because: (a) Plaintiffs have unduly delayed; (b) granting leave would severely

prejudice CSXT by requiring additional discovery; and (c) the proposed amendment is futile because Mr. Burkholder's speculative lay testimony about the legal effect of the Ordinance is not competent evidence to establish that Edsel Lane is a public road.

The failure to timely discover and address a possible pleading deficiency despite actual or constructive knowledge of it constitutes a lack of diligence under Rule 16. *See Millennium Partners, L.P. v. Colmar Storage, LLC*, 494 F.3d 1293, 1299 (11th Cir. 2007) ("[I]t is clear that ... with some investigation, Colmar could have discovered its possible anti-subrogation defense.... The fact that Colmar failed to conduct such investigation does not equate to 'good cause' for leave to amend under Rule 16 of the Federal Rules of Civil Procedure."); *Gallagher v. Sayin*, 2018 U.S. Dist. LEXIS 227941, at *5, 2018 WL 7372079 (M.D. Fla. Feb. 22, 2018) (denying motion to add affirmative defense because "[t]he existence of a possible *Fabre* defense was not 'new' information and the agents make no attempt to explain their failure to investigate this avenue prior to the amendment deadline") (citing *Millenium Partners*).; *See, e.g.*, *Oirya v. Mando Am. Corp.*, 2021 U.S. Dist. LEXIS 37118, at *4, 2021 WL 787134 (M.D. Ala. Mar. 1, 2021) ("[T]he Defendant again responds that the information gained in the depositions was not new information, and the Plaintiff in fact had that information since April 2020 and September 2020. The Court agrees. The Plaintiff's motion to enlarge discovery is due to be denied.") (citation omitted); *Bertels v. Farm Bureau Prop. & Cas. Ins. Co.*, 2021 U.S. Dist. LEXIS 27151, at *7, 2021 WL 533827 (D. Kan. Feb. 12, 2021) (denying motion to amend based on information adduced at deposition because the "deposition testimony merely supported the factual allegations that Bertels ... already knew. It did not put Bertels on notice of new claims for the first time."); *Crossfit Inc. v. Martin*, 2017 U.S. Dist. LEXIS 232880, at *8 (D. Ariz. July 31, 2017) ("The Court agrees with Plaintiff that Mr. Saba had access to and should have known of this

information before his deposition. Failure to obtain this information from Defendants or seek it during discovery also fails to demonstrate the due diligence required to modify the Scheduling Order."); *Garcia v. Air Serv Corp.*, 2015 U.S. Dist. LEXIS 75258, at *3, 2015 WL 12672738 (C.D. Cal. June 9, 2015) ("While no formal request to amend the complaint has been made, the Court would certainly deny such a request because there is no showing of diligence on behalf of the Plaintiff to overcome the fact that the deadline for amending the complaint has long expired. In fact, the explanation for not having pursued these claims earlier is that Plaintiff's counsel only learned of them during *Plaintiff's* deposition. *Facts within the Plaintiff's own knowledge are not new information even if counsel failed to learn those facts until late in the case*.") (emphasis added).

Here, Plaintiffs have not demonstrated good cause because they did not exercise the requisite diligence in their request to amend. From the outset of this case, Plaintiffs knew or should have possessed the information necessary to support their two proposed claims, declaration of Edsel Lane as a public road over the crossing and a private action for a public nuisance. At the outset of this case, Plaintiffs had access to publicly available land and government records, which speak for themselves. The so-called newly discovered evidence--the Ordinance No. 96-1, deposition testimony of Mr. Burkholder, CSXT records, and PennDOT correspondence--are not dispositive of whether or not Edsel Lane is a public road over the crossing as a matter of law. The question of Edsel Lane's status as a private or public road and the evidence to support the same would have been available prior to Plaintiffs' initiation of this suit. Plaintiffs initiated this suit on July 15, 2024. (ECF No. 1). More than two years elapsed before Plaintiffs moved to amend their claims regarding a declaration of Edsel Lane's status. Such a delay in averring these claims, when the Plaintiff could have set forth these legal theories

in absence of recent discovery, does not meet the requisite diligence to support good cause under Rule 16(b)(4).

Even if Plaintiffs had sufficient good cause, the Court has sufficient doubts that Plaintiff should be granted leave to amend under Rule 15. First, the Court has reservations that it could declare that Edsel Lane is either a public or private road over the crossing without Forward Township a party to the case. *See Waksmunski v. Delginis*, 570 A.2d 88, 92 (Pa. Super. Ct. 1990) (holding township was an indispensable party where property owner sought declaration against another property owner that an easement was a public road). Second, the presence of Forward Township, as an adverse Pennsylvania party, potentially destroys diversity jurisdiction. Such amendment scenario presents questions of the legal sufficiency, and hence futility, of Plaintiffs proposed claims. Said amendment also places CSXT in a prejudiced posture in navigating a completely new legal theory and the implications of a newly added party more than two years since the institution of this litigation. Therefore, amendment under Rule 15 is also not warranted.

IV. Conclusion and Order

Accordingly, Plaintiffs Motion for Leave to File a Third Amended Complaint is denied.

DATED this 13th day of November, 2026.

BY THE COURT:

Marilyn J. Horan

MARILYN J. HORAN
United States District Judge