IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| SAMUEL A. MCCROSSIN IV,<br>MCCROSSIN'S LANDING PUB, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>CSXT TRANSPORTATION, INC., | ) ) ) ) ) ) ) ) ) | 2:24-CV-01018-MJH |

Defendant,

OPINION AND ORDER

Plaintiffs, Samuel A. McCrossin IV and McCrossin's Landing Pub, LLC, initiated the within property action against Defendant, CSXT Transportation, Inc., claiming an Easement under the Railroad Act of 1849 (Count I), Easement by Express Agreement (Count II), Easement by Implication (Count III), Quiet Title (Count IV), Ejectment (Count V), Injunctive Relief (Count VI), Private Nuisance (Count VII), and Tortious Interference with Easement Rights (Count VIII). (ECF No. 8). CSXT moved to dismiss Count I, Count II, Count VII, and Count VIII pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 16). CSXT also moved to strike claims for punitive and emotional distress. *Id*.

On August 12, 2025, this Court granted CSXT's motion to dismiss Counts I, II, VII, and VIII and struck Plaintiffs' claims for punitive damages and emotional distress. (ECF No. 28). This Court granted Plaintiffs leave to file a Second Amended Complaint by August 26, 2025. *Id*. Plaintiffs filed a Second Amended Complaint reasserting claims for punitive damages and alleging intentional destruction of property. (ECF No. 30). CSXT again moved to dismiss claims for punitive damages and to strike allegations of intentional conduct. (ECF No. 33). On November 13, 2025, this Court dismissed Plaintiffs' claims for punitive damages without

prejudice and denied CSXT's motion to strike without prejudice. (ECF No. 42). Plaintiffs remaining claims from their Second Amended Complaint are Easement by Implication (Count I), Quiet Title (Count II), Ejectment (Count III), Injunctive Relief (Count IV), and Tortious Interference with Easement Rights (Count V). CSXT has asserted a counterclaim for Quiet Title (Count I) and Declaratory Judgment (Count II). (ECF No. 35).

CSXT now moves for a protective order precluding or limiting Plaintiffs' noticed deposition of Joyce Maxwell and Elizabeth Harper, two title specialists within CSXT's Real Estate group. The matter is now ripe for decision.

Upon consideration of CSXT's Motion for Protective Order (ECF No. 69), the respective responses and briefs (ECF Nos. 70, 72, 78, and 80), the arguments of counsel, and for the following reasons, CSXT's Motion will be granted in part and denied in part.

## I. Discussion

CSXT argues that the testimony sought from CSXT's title specialists, Ms. Maxwell and Ms. Harper, is irrelevant, cumulative, unduly burdensome, and disproportionate to the needs of the case. CSXT further contends that questioning Ms. Harper or Ms. Maxwell about post-September 2022 title review and analysis would implicate attorney-client privilege and/or work product protection. CSXT maintains that the Court's August 12, 2025 Opinion and Order resolved the express-title issue by holding that CSXT owns the Rail Corridor and Crossing in fee simple and that Mr. McCrossin obtained no express easement rights. (ECF No. 29 at 9–10). Therefore, CSXT asserts that Plaintiffs' remaining theories— easement by implication and easement by estoppel—turn on historical use, representations, and reliance, not on CSXT's post-dispute internal review of deed records between 2022 and 2024.

Plaintiffs argue that they are entitled to determine who actually performed the relevant title work and the factual basis for the conclusions reflected in CSXT's title records. Plaintiffs contend the title report goes to the heart of Plaintiff's case.

The scope of discovery in federal court is governed by Rule 26 of the Federal Rules of Civil Procedure and is to be construed liberally. *See Pacitti v. Macy'*s, 193 F.3d 766, 766 (3d Cir. 1999); see also *Cole's Wexford Hotel, Inc. v. Highmark Inc.*, 209 F. Supp. 3d 810 (W.D. Pa. 2016). Rule 26 permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b).

A motion for a protective order is governed by Rule 26(c) of the Federal Rules of Civil Procedure. Rule 26(c) permits "[a] party or any person from whom discovery is sought [to] move for a protective order." Fed. R. Civ. P. 26(c)(1). The Court may, for good cause, issue a protective order to shield a party "from annoyance, embarrassment, oppression, or undue burden or expense." Id. The party seeking the protective order, bears the burden of persuasion and must demonstrate a "particular need for protection" beyond a "[b]road allegation of harm, unsubstantiated by specific examples or articulated reasoning." *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986).

The federal work-product doctrine is set forth in Federal Rule of Civil Procedure 26(b)(3), which provides:

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
>
> (i) they are otherwise discoverable under Rule 26(b)(1); and

> (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

Fed. R. Civ. P. 26(b)(3).

Here, the relevance of Plaintiffs' discovery rests on their remaining claims: Easement by Implication (Count I), Quiet Title (Count II), Ejectment (Count III), Injunctive Relief (Count IV), and Tortious Interference with Easement Rights (Count V). Each of these claims is dependent on a finding of an Easement in Count I, which includes allegations of a) easement implied by necessity; b) easement by implication by prior use; c) easement by roadway boundaries; and d) easement by estoppel. The elements of these allegations include at least some discussion on title history. *See Kapp v. Norfolk S. Ry Co.*, 350 F.Supp.2d 597, 610 (M.D. Pa. 2004). Therefore, factual discovery on CSXT's title research may have relevance to Plaintiffs' easement claims. However, under the work product doctrine, the depositions of Ms. Maxwell and Ms. Harper would be limited to factual information and not any post-dispute internal review or title analysis of deed records between 2022 and 2024. Therefore, Plaintiffs will be permitted to conduct the depositions of Ms. Maxwell and Ms. Harper under limited parameters.

## II. Conclusion and Order

Accordingly, for the reasons stated, CSXT's Motion for Protective Order is granted in part and denied in part. Plaintiffs shall be permitted to depose Ms. Harper and Ms. Maxwell, but said depositions shall be limited to pre-dispute factual information and subject to any work product objections of CSXT's counsel. The parties shall meet and confer regarding a proposed timeline on completing Ms. Harper and Ms. Maxwell's depositions, and file a joint status report on a proposed timeline for the completion of any further fact discovery.

DATED this 13th day of November, 2026.

BY THE COURT:

MARILYN J. HORAN
United States District Judge